## Lyons, Guardian, et al. v. Lyons, Executor, et al.

(Decided December 14, 1923.)

### Appeal from Bourbon Circuit Court.

Deeds—Land Held to Pass to Surviving Heirs After Death of two Life Tenants.—Under a deed to husband and wife "to have and to hold same jointly and equally . . . for and during their lives with remainder to the heirs of their bodies," estate in remainder did not vest or take effect until the death of both grantees, "their lives" necessarily including the life of the survivor, and the remainder passed to the joint descendants of the two living at the time of the death of the survivor, though each of their children took a defeasible remainder in the property, subject to be defeated by death before the end of the life estate.

BLAKEY, DAVIS & LEWIS for appellants.

WILLIAM GRANNAN and TALBOTT & WHITLEY for appellees.

OPINION OF THE COURT BY CHIEF JUSTICE SAMPSON— Reversing.

This appeal presents for construction the following paragraph from a deed made by Mary E. Rogers to Thomas and Mary Lyons, of Bourbon county, on May 31, 1892:

"To have and to hold same jointly and equally unto the second parties for and during their lives with remainder to the heirs of their bodies and first party warrants generally the property hereby conveyed."

At the time of the making of the deed to Mr. and Mrs. Lyons they were father and mother of four sons: George L., Frank, Harry and Albert. In 1894 the father, Thomas Lyons, died intestate. In 1906 the son George died intestate and childless, not having been married. In 1908 the son Frank died, leaving a daughter, Mary Francis Lyons, now appellant herein. In 1914, Albert died intestate without children or descendants, never having been married. Some time before the commencmnt of this action the mother, Maria, died survived by her son Harry and by her granddaughter, Mary Francis Lyons. Before her demise she made a will, one paragraph of which reads:

"All the right, title and interest which I inherited from my son, George Lyons, and from my son Albert

Lyons, on their deaths in the real estate on Main street, now occupied by me as a residence and in the business house and lot adjoining the same, I will, devise and bequeath to my son, Harry Lyons.''

The question now is: what interest does the son Harry take in the house and lot mentioned in the deed, and what share passed to Mary Francis Lyons, infant daughter of Frank Lyons? There is no word or expression in the deed from Mary E. Rogers to Mr. and Mrs. Lyons, made May 31, 1892, which casts any light upon the construction to be placed upon the expression ''heirs of their bodies,'' used in the habendum clause thereof, save that clause as copied above. We must, therefore, construe that expression according to its technical meaning. Mr. and Mrs. Lyons were granted merely a life estate in the house and lot, it to be held jointly and equally by them for and during *their* lives. The words ''their lives'' employed in the habendum clause undoubtedly means the joint lives of Mr. and Mrs. Lyons and necessarily includes the life of the survivor. With this interpretation we must hold that the estate in remainder did not vest indefeasibly or take effect absolutely in ''the heirs of their bodies'' until the death of both Mr. and Mrs. Lyons. In other words, the death of Mr. Lyons in 1894 did not vest either of his children ''heirs of their bodies'' with any new interest or title in the house and lots, for he had merely a life estate and the property continued as a whole in the possession and under the dominion of the other life tenant for her life. The words ''heirs of their bodies'' must be held to mean in effect the same as ''heirs of his body'' and ''heirs of her body,'' hence joint heirs are included in the expression. There is nothing in the deed to indicate that the expression ''heirs of their bodies'' was intended to be used as synonymous with or equivalent to ''children'' or ''their children.'' We must, therefore, give to the expression ''heirs of their bodies'' the usual technical meaning which that expression generally imports, which is that of joint descendants of the two living at the time of the death of the survivor of the life tenants. Manifestly neither Mr. nor Mrs. Lyons had ''heirs of their bodies'' until their respective deaths, and it was impossible to know who would be ''heirs of their bodies'' until each had passed away. True, each of the four sons took a defeasible remainder in the property subject to be defeated

by his death without issue before the end of the life estate. The fee in remainder rested in the survivors, of them, or their descendants, if any, until the death of the life tenant, when it passed absolutely to the "heirs of their bodies," of Mr. and Mrs. Lyons. The only surviving "heirs of their bodies" were the son Henry and the granddaughter, appellant Mary Francis Lyons. They each took a one-half undivided interest in the property.

As the father, Thomas Lyons, only had a life estate which he was privileged to enjoy jointly and equally with his wife "during their lives" his death did not vest an estate of any character whatever in the "heirs of his body." The fee in remainder could not vest until the death of the life tenants. Nor could the heirs of their bodies be certainly known until the last survivor of the life tenants had passed away.

We are of the opinion that the chancellor erred in holding that appellant, Mary Francis Lyons, took only three-eighths interest in the property described in the petition and in holding that the appellee, Harry Lyons, took five-eights interest therein.

Wherefore, the judgment is reversed with directions to enter a judgment consistent with this opinion.

Judgment reversed.